Good morning, your honor. Good morning, counsel. My name is Mara Vick-DeVid. I'm an assistant United States attorney in the United States Office District of Guam. I represent the appellant United States in this matter. I really don't have anything more to add other than what's already been submitted in my brief. Let me just say that, well, this is, maybe you want to, this is troubling, obviously, from the standpoint that at the time that there was the plea agreement, a lesser offense was entered, correct, and certain charges were dismissed, and the parties anticipated, but the defendant, or it would be the appellee in this situation, performed as required under the plea agreement, correct? That is correct, your honor. And then, albeit the wisdom of the Ninth Circuit, came about and said that the plea agreement as structured was an offense that didn't amount to a crime, I guess, essentially. Is that correct? That is correct, your honor. In 1998, when the parties entered into its plea agreement, the parties reasonably expected that the defendant had committed a crime. Several years later, based on the Capucon decision, the parties were wrong in that regard. Okay, but she did everything that she was supposed to do, and all of that, and then what you asked for at this, then what you wanted to come back and charge her with, was that greater than what? No, your honor. She's actually, we have the second prosecution concerned a distribution conspiracy. She was basically facing the same penalties under the statute. She was actually, under the guidelines, facing a better sentence. The government has recognized from the very beginning, in the district court below, that the defendant has cooperated. The government has acknowledged that she deserves a substantial assistance reduction based on her cooperation. Okay, but so, the bottom line is that, okay, she gets a windfall here, in the sense that so she doesn't get a conviction now. She got, you know, everyone was happy with the sentence at some point. She did what she was supposed to do, but then intervening law creates the fact that she can't be convicted of what she was convicted of. So she gets a windfall there. But we have to be concerned with, obviously, so what you asked for is, you don't ask for rescission, right? Well, we're asking the court, actually, for a rescission. How can you do that based on the Barron case? Barron case says, reasonable stake does not invalidate a plea agreement. Reasonable stake of law, that's exactly what Barron says, unless you can distinguish it for me. Well, we distinguish Barron in the sense that the Barron court was concerned that the parties couldn't be placed in the position they were before the plea had been entered. In Barron, the defendant had served time. In this case, unlike in Barron, the defendant had yet to be sentenced. The defendant has served no time. She's actually facing a lesser sentence. But the defendant had cooperated, and you've gotten your use out of the defendant in other cases. That's correct, Your Honor. So as far as the government was concerned, her deal was performed, except for her sentencing. Except for the conviction. But then it turns out that the crime charged by the government wasn't a crime, because the importation can't take place between Guam and California, since they happen to be in the same country. And that is what we're seeking here as a matter of public policy, Your Honor, that... So now you want to charge her with distribution because you couldn't, you can't charge her with importation. That's correct, Your Honor. But it arrived out of the same set of facts. And that is specifically what the plea agreement was about. Well, we're seeking here, as I mentioned in the brief, the government is aware of the case law under plea agreement analysis. We seek a very narrow exception. Unlike the Barron case, as I mentioned, the defendant in this case had yet to be sentenced, has yet to serve a sentence. All we seek is a narrow exception to the plea agreement law, that when the parties enter into a plea agreement, which at the time solidly rested on Ninth Circuit case law as to what was importation back in 1998, and later the Ninth Circuit reverses itself, the government should be allowed to charge, to recharge the defendant in this case to the distribution conspiracy. It's our position that that would be fundamentally fair in this case. Well, it's sort of like you want the same rule of lenity that defendants generally get, right? That's correct, Your Honor. What if she served one day? Would that satisfy you? The government would be satisfied with a conviction and a sentence. Now, I'm going to say, would you apply the same rule? You said she hadn't served any time, and Barron, the defendant, had served time. How much time is required before the government would say? Your Honor, I would leave that to the sentencing judge if we actually ever get to that point to impose a reasonable sentence. Thank you. Thank you. Good morning, Your Honor. As it pleases the Court, my name is Curtis Vanderbilt. I'm appearing on behalf of the appellee defendant. To answer your question, in this particular case, Judge Nelson, the defendant did serve some time. She was arrested. She was taken into confinement. She was held until she appeared before the Court and gave the plea in her plea agreement. So she served time in custody. So if it's a little bit of time they're looking for, they've already gotten time. Well, it's just, you know, what I see as the windfall to your client is, I mean, obviously your client did everything that she was supposed to do. And there doesn't appear to be any bad faith on either side at the time that this, you know, that the initial plea went in. But the windfall to your client, obviously at this point, is that, you know, she doesn't have a conviction. Well, Your Honor, this... And no one ever intended that. I mean, if they had wanted that, what they would have said, if you do X, Y, and Z, then we're going to dismiss the charges against you. And that wasn't part of the... You know, that was never intended. Well, Judge Callahan, I don't necessarily agree with that. Okay. Quite often this Court is faced with Section 2255 motions in order to do away with plea bargains that were created. It's not always a defendant's intention to create a plea agreement that is impenetrable, that will not be able to be overturned by some collateral attack at a later time. A defendant simply is trying to strike the best possible deal he can in order to fulfill that deal and then be able to try to seek as much relief from it as he possibly can afterwards. Unfortunately, that's the reality of life and the reality of criminal law. So to suggest that a defendant has a desire to assure that they're convicted of a particular crime, that's a fallacy that only exists in the mind of prosecutors. It doesn't exist in real life. In this particular case, this case falls squarely within the example of what it is that was set forth in Judge Graber's dissent in the Barron case, which everyone was quite aware. And in it, it's at page 14 of that decision, it says, Able is charged with two felony counts. Count one charges X, count two charges Y. Able freely and voluntarily pleads guilty to count two pursuant to a plea bargain. In consideration of the plea, count one is dismissed. Able is sentenced to prison for Y. One week after the time to appeal expires, the Supreme Court decides that the Ninth Circuit's published views of the evidence needed to prove Y is wrong and an occurrence not unheard of. Able files a motion under 28 U.S.C. section 2255 attacking his sentence or whatever. Able, of course, is correct about the validity of his conviction. Then, of course, she has a little bit of a different view as to the propriety of things. She says, anyway, the majority's approach in this case immediately sets Able free and bars any further action on count one. Seems to me it's very, very clear that that's what the circumstances here are. The only difference is that Renee Rose Diaz filed no 2255 motion. This case was dismissed with what really smacks of a dismissal with prejudice at the motion of the government. And since they moved for the dismissal, they said that they could not prosecute her any further in that dismissal. It sure sounds like a dismissal with prejudice under the cases that I've cited, Axe v. Swenson, Thomas v. Municipal Court of Antelope Valley, Judicial District of California, which is a Ninth Circuit case, U.S. v. Romero, a Ninth Circuit case, United States v. McLaren, a Ninth Circuit case. And then after that, which they saw as a preemptive move so that they would not be in a position where she would later be filing a 2255 motion, which would put her exactly on all fours with the Barron case. And by that preemptive move and their dismissal, my client had done nothing, absolutely nothing, contrary to her bargain. And even if she did seek the 2255 motion, which is what the United States v. Barron says, she still wouldn't have done anything to violate her plea agreement. That's essentially the holding of Barron. So she simply hasn't done anything to deprive the government of its end of the deal. Now, they say they're seeking rescission. But as everyone knows, under contract law, rescission requires that you must give all consideration that you have received back to the non-rescinding party. They can't do that. It's an impossibility, factually, because they have received the cooperation. They've convicted other people based upon that cooperation. They cannot give that back to my client. They can't have rescission. So then in their arguments, in the brief, they say, well, we should reform this somehow. It should really be reformation, which is an invitation to this court to allow judges to become involved in plea bargaining. Because what you will be doing is you will be restructuring plea agreements, which you can't do beforehand, but they're asking you to do afterwards. They're asking you to violate Rule 11 of the Federal Rules of Criminal Procedure and start reforming agreements by restructuring them to try to give everybody what you think is a fair deal from the bench. And that's not what the law allows. The court is not supposed to become involved in plea bargaining at any time. And that's essentially what their by the dissent in the Barron case have been resolved by the United States Supreme Court in U.S. v. Bosley and by the Ninth Circuit in U.S. v. Benbow, which say that in order to get complete relief from a conviction, a defendant must show complete innocence as to all charges, not those that were just charged and for which the conviction is being dismissed, but of all charges that the person could have been convicted of. And so the horrors that they suggest might occur simply don't occur. But let's also look at this from a further realistic standpoint. We have cases where people are charged with crimes and get dismissed all the time. It happens in the context of violations of search and seizure rights, where even though the search produces evidence which clearly indicates that the individual committed a crime, we know that the government's conduct and the way in which they went about it was wrong. And so in instances of extreme good faith, they may get an exception under Leon, but otherwise the evidence is thrown out and the person without that evidence may not be able to be convicted. How, let me ask you this. How significant do you consider it in this case that your client essentially performed what she was supposed to perform because you argued and said they can't put her back? You know, let's just say nothing had happened. You know, it was just a, it was a plea for a certain amount of time or whatever, and then it came out that that's not a crime. How significant do you consider that component here? It's the most significant component because my client has done everything asked of her. She has, she has not done anything at all. Let's say if nothing had been, if nothing had been asked of her, which is, which are not the facts in this case. I understand that. If it had just been, you know, you're entering a plea for, you know, X amount of time or whatever, but the sentencing just had not occurred. In that situation, would you agree that rescission could occur there? No. In the Pera Partida case, the government made a mistake in, they had charged a lesser offense as a misdemeanor. They intended to, the government attorney really wanted to have charged a felony offense, but they became involved in further assisting the United States attorney. There was a mix-up. It ended up that the person was charged with a misdemeanor. They took it up on appeal and said, you know, we should be able to charge them with a felony. The court said, no. You bear the responsibility for your mistakes. If you make a mistake, unfortunately, that's the law. Once you've been accepted. Okay, but that wasn't, but they did, they gave a lesser charge. And that's a little bit different than at the time that your client entered the plea, it was believed by all that that was a crime. And then it, several years later or however much later, it turned out, it turned out not to be a crime. So, I mean, that's a little bit different. It's different, it's a different mistake by the government, but. Well, it wasn't a mistake at the time. It was that they, you know, how could they know five years later that the Ninth Circuit would say this isn't a crime? Well, as I pointed out in my brief, we've had also the issue of importation of firearms in interstate commerce and whether or not that has been proven. And those issues, the issues related to things traveling from the mainland to Guam, there have been disputes about this in the past. So the concept that the law might be different, even the Ninth Circuit suggests that's not something which, that it's going to change, isn't something which is uncommon or unheard of within the court system. You know, they have the ability, and as Barron pointed out, they have the ability to negotiate in two plea agreements language for their protection. They simply. Your time is basically up, so you need to wrap up. They simply didn't do that, and so they basically have been mistaken, mistaken, and mistaken. Your Honor, as my client has fully performed her obligations, I ask that you deny the appeal. Thank you for your argument, counsel. Thank you, Your Honor. Just briefly, the government dismissed the importation conspiracy charge at the very day she was due to be sentenced. The defendant did not file any motion to withdraw the guilty plea, should the defendant have been sentenced for an innocent act. All we're asking here is. Well, and he, counsel does raise a good argument in the sense, how can you really put her back? You know, I sort of hesitate to get specific about this, but you know, obviously from the standpoint where people provide information and they testify, you know, whatever they do in terms of they cooperate, in terms of the other prosecution, you can't, you know, you can't really turn people back to their prior status on that. That does, it does change, it does change where they sit in the community. I mean, there are terms for that. I'm sure that you're aware. Yes, Your Honor. That would, that perhaps would be up to a sentencing judge, should we get to that point. All I can say is that the government will, will fully recognize what substantial assistance she provided. But on contract principles, if the obigee has performed under the contract and has sustained some detriment, such as now she will be known in Guam as an informer, you cannot erase that, can you? Well, Your Honor, we've, we've, we've relied on contract principles of mutual mistake of law and frustration of parents. But you can't put her back under the conditions she was in earlier. I mean, I understand it's not a perfect situation, which is what the case law says. All we're asking here, and even Barron recognizes, and if I can just quote, what is at stake for the government is its interest in securing just punishment for violation of the law and its interest that an innocent act not be punished at all. We would simply ask for this narrow exception as a matter of public policy. All right, thank you. The matter will stand submitted. The United States of America, the Daniel Kaloha Archive, 0410226.
judges: D.W. Nelson, Callahan, Bea